UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRAL DRM LLC,<br><br>    Plaintiff,<br><br>v.<br><br>YOUTUBE UPLOADEERS LISTED ON SCHEDULE A, et al.,<br><br>    Defendants. | Case No. 3:23-cv-05594-JSC<br><br>**ORDER RE: PRELIMINARY INJUNCTION; ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION AND JOINDER**<br><br>Re: Dkt. No. 14 |

Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events from around the world. Plaintiff brings copyright infringement claims against Defendants, listed in Schedule A to the Complaint. (Dkt. No. 1-1.) Plaintiff alleges Defendants downloaded and copied Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of Plaintiff's copyrighted media content to their YouTube channels. Plaintiff's complaint was accompanied by a motion for a temporary restraining order (TRO) and a motion for preliminary injunction seeking to enjoin Defendants from further use of its copyrighted material and to restrain transfer of assets from the related accounts. (Dkt. No. 7.) On November 29, 2023, the Court granted Plaintiff's TRO, granted Plaintiff's motion for alternative service, and set a hearing date for Plaintiff's motion for a preliminary injunction. (Dkt. Nos. 10, 12.) The Court extended the TRO to allow Plaintiff to obtain information from Google identifying additional YouTube uploaders who Plaintiff believed were the same as those listed in Schedule A to the Complaint or working in concert with those listed in Schedule A. (Dkt. No. 14.) Plaintiff thereafter submitted a supplemental brief in support of its motion for a preliminary injunction. (Dkt. No. 27.) Having considered the briefing and relevant legal authority, and having had the benefit of oral argument on January 17, 2024, the Court DENIES the motion for preliminary injunction and ORDERS Plaintiff to show cause as to personal jurisdiction and joinder as set forth below.

# DISCUSSION

### A.     Preliminary Injunction

A district court lacks authority to grant a preliminary injunction when it lacks personal jurisdiction over defendants. *See Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1066 (9th Cir. 1985) (vacating order granting preliminary injunction because the district court did not have personal jurisdiction); *see also Hungerstation LLC v. Fast Choice LLC*, No. 19-CV-05861-HSG, 2020 WL 137160, at *2 (N.D. Cal. Jan. 13, 2020) ("personal jurisdiction is a threshold issue and relevant to the likelihood of success factor of a preliminary injunction analysis"), aff'd, No. 20-15090, 2021 WL 963777 (9th Cir. Mar. 15, 2021), opinion amended and superseded on denial of reh'g, No. 20-15090, 2021 WL 1697886 (9th Cir. Apr. 29, 2021), and aff'd, No. 20-15090, 2021 WL 1697886 (9th Cir. Apr. 29, 2021).

Plaintiff bears the burden of "establish[ing] the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  "For a court to have specific personal jurisdiction in an intentional tort or copyright case, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011).  Further, when there are multiple defendants, "[t]he jurisdictional inquiry must decouple defendants, considering whether each individual defendant has had sufficient 'minimum contacts' with the forum state to justify an exercise of jurisdiction." *See Burri Law PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022).

Plaintiff's supplemental brief contends personal jurisdiction exists (1) as a matter of agreement for those Defendants who served counternotices; and/ or (2) because Defendants committed intentional acts expressly aimed at California.   (Dkt. No. 27 at 5-8.)

Under the Copyright Act, 17 U.S.C. § 512(g)(3)(D), for a counter notification to be effective, it must include, among other things, "[t]he subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the

2

1  subscriber will accept service of process from the person who provided notification under

2  subsection (c)(1)(C) or an agent of such person." Plaintiff has submitted counter notices for four

3  Defendants: God WTF, Latest Weather, OpeN YouR EyeS, and When God is Angry. (Dkt. No. 1-

4  5; Dkt. No. 27-2.) These counter notices state: "I consent to the jurisdiction of the Federal District

5  Court for the district in which my address is located, or if my address is outside of the United

6  States, the judicial district in which YouTube is located, and will accept service of process from

7  the claimant." (Dkt. No. 1-5.) These counter notices are sufficient to meet Plaintiff's threshold

8  burden to establish the Court's personal jurisdiction of God WTF, Latest Weather, OpeN YouR

9  EyeS, and When God is Angry.

10  As to the remaining 16 Defendants for whom no counter notices were submitted, Plaintiff

11  has not met its burden of demonstrating personal jurisdiction. Plaintiff contends Defendants

12  committed the following intentional acts expressly aimed at California: (1) downloading Viral

13  DRM's works from YouTube, Instagram, Facebook, or Twitter; (2) removing Viral DRM's

14  copyright management information from Plaintiff's videos; and (3) uploading infringing works to

15  YouTube. Defendants' "suit related conduct—allegedly displaying copyright protected photos

16  via videos uploaded to YouTube from [foreign locations]—d[oes] not create a substantial

17  connection with [California]," and [Plaintiff's] claims otherwise are unavailing." *Werner v.*

18  *Dowlatsingh*, 818 F. App'x 671, 672 (9th Cir. 2020) )(cleaned up). *Werner* expressly rejected the

19  argument that the conduct alleged here is sufficient to satisfy the express aiming requirement:

20  "Uploading a video to YouTube—which has its headquarters in San Bruno, California—is not an

21  act expressly aimed at California simply because the company is based in the state." *Id*. at 672 n.1.

22  Accordingly, Plaintiff has not met its burden of demonstrating personal jurisdiction over

23  the 16 Defendants who did not serve counter notices. Plaintiff's motion for preliminary injunction

24  is therefore DENIED as to those 16 Defendants. Further, the TRO is VACATED as to the 16

25  Defendants who did not submit counter notices.

26  As for the four Defendants who consented to jurisdiction in this District, the preliminary

27  injunction is DENIED without prejudice because Plaintiff did not properly serve Defendants with

28  the complaint and summons. (Dkt. No. 28.) Also, as explained below, the Court has concerns

3

regarding whether even those four Defendants (let alone all 20) are properly joined in this action. However, given no Defendant appeared at the preliminary injunction hearing (which was by Zoom), and given Plaintiff's infringement showing, the Court finds good cause to continue the TRO until February 8, 2024 as to God WTF, Latest Weather, OpeN YouR EyeS, and When God is Angry. These four Defendants consented to the personal jurisdiction of this Court, and the continuance will allow the Court to resolve the joinder issue discussed below before issuing a preliminary injunction.

**B.     Misjoinder**

The Court also has concerns as to whether all Defendants are properly joined in this action. Under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Both prongs must be satisfied. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). The misjoinder issue may be raised by the court sua sponte. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party").

The Court's review of the complaint demonstrates the first requirement is not satisfied: Plaintiff does not allege each defendant is jointly, severally, or in the alternative liable for the infringement of another defendant arising out of the same transaction, occurrence, or series of transactions or occurrences. And it does not appear that it could do so as Schedule A to the Complaint alleges the Defendants have different websites and different names, and Mr. Rollins' declaration in support of the TRO indicates Defendants are from different countries. (Dkt. No. 1-1; Dkt. No. 7-4 at ¶ 18.) There are no allegations suggesting the claims against each separate Defendant arise out of the same transaction or occurrence; rather, they allege separate acts of copyright infringement. *See, e.g., Fashion Ave. Sweater Knits, LLC v. A'Gaci*, LLC, No. 20-7165 CJC (JEMx), 2020 WL 13248958, at *1 (C.D. Cal. Oct. 26, 2020) ("allegations that multiple

unrelated defendants infringed the same copyright do not support joinder under Rule 20"); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)").

### C. Order to Show Cause

In light of the above, Plaintiff is ORDERED TO SHOW CAUSE as to (1) how the Court has personal jurisdiction over each separate Defendant that did not submit a counter notice, and (2) how joinder in this lawsuit of the 20 Defendants operating different YouTube channels from different countries is proper under Federal Rule of Civil Procedure 20(a)(2). Plaintiff shall file a written response to this Order by February 1, 2024. Plaintiff may, in connection with this submission, file an amended complaint by that same date. For any Defendant for whom Plaintiff does not have a good faith basis for asserting personal jurisdiction in light of the authority cited in this Order, Plaintiff may remove such Defendant from the amended complaint. Same for any Defendant Plaintiff determines cannot be properly joined under Rule 20(a)(2). *See DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (noting a court may *"*drop" a defendant under Rule 21, dismissing the defendant from the case without prejudice).

If Plaintiff does not satisfy the Court of its personal jurisdiction of a particular defendant, that defendant will be dismissed without prejudice. The Court will also dismiss any misjoined defendant; however, the case will be allowed to proceed against the first named defendant for which Plaintiff has not articulated a basis for personal jurisdiction.

The Clerk shall not issue the summons until these issues are resolved.

The Court sets a further Case Management Conference for February 8, 2024 at 1:30 p.m. via Zoom video. Plaintiff shall serve by email a copy of this Order on all Defendants and file a proof of service.

**IT IS SO ORDERED.**

Dated: January 17, 2024

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge