1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    VIRAL DRM LLC,                          Case No.  3:23-cv-05594-JSC

                 Plaintiff,
8
                                             **ORDER RE: PLAINTIFF'S MOTION**
9          v.                                **FOR ALERNATIVE SERVICE**

10   RIZKY FADILAH,                           Re: Dkt. No. 46

                 Defendant.
11

12

13          Plaintiff Viral DRM LLC syndicates and licenses video content of extreme weather events

14   from around the world.  Defendant, a citizen of Russia, allegedly downloaded and copied

15   Plaintiff's copyrighted materials from YouTube, and then re-uploaded infringing versions of

16   Plaintiff's copyrighted media content to his YouTube channel(s).  Plaintiff seeks leave to serve

17   Defendant via email and posting on a designated website. (Dkt. No. 46.)  After carefully

18   considering Plaintiff's motion and the relevant legal authority, the Court concludes oral argument

19   is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES WITHOUT PREJUDICE the motion for

20   alternative service.

21                                  **BACKGROUND**

22          Viral DRM alleges Rizky Fadilah operates the YouTube Channel GOD | WTF.  (Dkt. No.

23   39 at ¶ 25.)  Defendant is alleged to have "downloaded Viral DRM's Works, [] edited the Works,

24   removed Viral DRM's copyright management information, and then uploaded infringing versions

25   of Viral DRM's Works to YouTube."  (*Id*. at ¶ 27.)  Defendant did so "to advertise, market and

26   promote their YouTube channel, grow their YouTube channel subscriber base, earn money from

27   advertising to their YouTube subscribers, and engage in other money-making business activities

28   using Viral DRM's copyrighted media content."  (*Id*. at ¶ 28.)  Viral DRM notified YouTube and

*United States District Court*
*Northern District of California*

1    Defendant of the allegedly infringing behavior by filing DMCA take-down notices, but Defendant

2    responded with false and misleading information.  (*Id*. at ¶¶ 44-45.)

3         Plaintiff seeks leave to serve Defendant through alternative email service to the email

4    address Google provided in response to a subpoena as well as by website posting. (Dkt. No. 46.)

5    Plaintiff contends "allowing e-mail service in the present case is appropriate and comports with

6    constitutional notions of due process, particularly given Fadilah's decision to conduct his illegal

7    businesses using the Internet and utilizing e-mail as a primary means of communication."  (Dkt.

8    No. 46 at 11.)

9                                            **DISCUSSION**

10        Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an

11   individual in a foreign country.  Under Rule 4(f)(3), courts can order service through a variety of

12   methods, "including publication, ordinary mail, mail to the defendant's last known address,

13   delivery to the defendant's attorney, telex, and most recently, email[,]" so long as the method of

14   service is not prohibited by an international agreement. *Rio Props., Inc. v. Rio Intern. Interlink*,

15   284 F.3d 1007, 1016 (9th Cir. 2002) (citation omitted). "However, the fact that an alternative

16   method of service is not prohibited by international agreement does not mean that the plaintiff is

17   entitled to use such a method under Rule 4(f)(3)." *Keck v. Alibaba.com, Inc*., 330 F.R.D. 255,

18   257–58 (N.D. Cal. 2018). It is within a court's "sound discretion" to determine whether "the

19   particularities and necessities of a given case require alternate service of process under Rule

20   4(f)(3)." *Rio Properties*, 284 F.3d at 1016.

21        To comport with due process, alternate service of process must be "reasonably calculated

22   to apprise interested parties of the pendency of the action and afford them an opportunity to

23   present their objections." *Id*. at 1016–17 (citation omitted). Service by email may be proper when

24   (1) international agreement does not prohibit service by email, and (2) service by email is

25   reasonably calculated to provide actual notice to the defendant. *See D.Light Design, Inc. v. Boxin*

26   *Solar Co*., No. C–13–5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (collecting

27   cases).

28        International agreement does not prohibit service by email here. The Hague Service

United States District Court
Northern District of California

2

1  Convention governs because the United States and Russia are both parties to this multilateral

2  treaty. *See* Hague Service Convention Status Table,

3  https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Apr. 11, 2024).

4  The Convention's language is mandatory "in all cases, in civil or commercial matters, where there

5  is occasion to transmit a judicial or extrajudicial document for service abroad." *Volkswagenwerk v.*

6  *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) (internal quotation marks omitted). The

7  Convention authorizes service in several ways, including (a) through a receiving country's central

8  authority, (b) by diplomatic and consular agents, through consular channels, on judicial officers in

9  the receiving country, or direct service by postal channels, unless the receiving country objects,

10  and (c) by additional methods of service that a signatory country may designate within their

11  borders either unilaterally or through side agreements. *Facebook, Inc. v. 9 Xiu Network*

12  *(Shenzhen) Technology Co., Ltd.*, 480 F. Supp. 3d 977, 980 (2020). "Nothing in the Hague

13  Convention itself prohibits alternative service by email, when such service is directed by a court."

14  *See Google LLC v. Does 1-3*, No. 23-CV-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec.

15  21, 2023) (collecting cases).

16       Plaintiff, however, has not made an adequate showing service by email comports with due

17  process. As a threshold matter, Plaintiff has not identified the email address(es) it intends to use to

18  serve Defendant. Plaintiff indicates it plans to use the email address Google provided in response

19  to a subpoena, but it has not attached a copy of Google's response. *See, e.g.*, *Google*, 2023 WL

20  8851619, at *2 (relying on Google subscriber records submitted with the motion for alternative

21  service demonstrating the accounts were active and recently accessed to demonstrate service by

22  email was "likely to reach defendants and is reasonably calculated to provide them actual notice of

23  this action."). Further, unlike in the related actions, *see e.g.*, Nos. 23-4300, Dkt. No. 35, the Court

24  did not grant Plaintiff leave in this action to subpoena Google, so it is unclear how this email

25  address was identified.

26       Nor has Plaintiff provided evidence any such email address Defendant provided Google is

27  likely to be legitimate. Plaintiff contends Defendant must provide Google "a valid electronic

28  means to contact him" "in order to communicate with Google, receive notice of DMCA

1    takedowns, submit counternotices, receive payment advices, and communicate with YouTube

2    concerning his YouTube channel," but Plaintiff alleged in the complaint the information in

3    Defendant's counternotice was fraudulent. (*Compare* Dkt. No. 46 at 7 *with* Dkt. No. 39 at ¶¶ 45-

4    46.) The counternotice indicates GOD | WTF is registered to an Alexey Butko who lives in

5    Krasnodarsky kria, Russia and uses the email address alexey.butko.production@gmail.com. (Dkt.

6    No. 39-3 at 36.) Given Plaintiff named Mr. Fadilah and not Mr. Butko as a defendant, it appears

7    Plaintiff contends this information is inaccurate, but Plaintiff does not explain this or provide

8    evidence Google provided a different email address which it used to communicate with Mr.

9    Fadilah.

10         Nor has Plaintiff provided other evidence demonstrating service by email is likely to reach

11    Defendant. For example, Plaintiff has not provided evidence it attempted to communicate with

12    Defendant at the alexey.butko.production@gmail.com email address or another email address to

13    ensure the address is legitimate. *See, e.g.*, *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE,

14    2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due

15    process where a plaintiff demonstrates that the email is likely to reach the defendant."); *Hillbroom*

16    *v. Lujan*, 2010 WL 11515374, at *2 (C.D. Cal. May 3, 2010) (permitting service of foreign

17    individual by email where individual used the subject email address to communicate with

18    counsel); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666, 2015 WL 1743393, at *3 (N.D. Cal. Apr.

19    16, 2015) (same).

20         Finally, while the motion repeatedly references Defendant's email address in the singular,

21    it also states "[b]ased upon plaintiff's investigation, Fadilah has multiple forms of electronic

22    means of contact, demonstrating that this means of contact is not just effective, but the most

23    reliable means of communicating with Fadilah, and consequently, the most reliable means of

24    providing Fadilah with notice of this action." (Dkt. No. 46 at 10 (citing Rollin Decl. ¶¶ 7-8).) Mr.

25    Rollin's declaration, however, only refers to Defendant's "email address." It is unclear if this is a

26    typographical error or if Mr. Fadilah has multiple email addresses at which Plaintiff should

27    attempt service.

28         In sum, Plaintiff's motion for alternative service fails to satisfy Rule 4(f) and constitutional

United States District Court
Northern District of California

due process.

## CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Plaintiff's

motion to serve Defendant by alternative means.

This Order disposes of Docket No. 46.

**IT IS SO ORDERED.**

Dated:  April 11, 2024

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

5